NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JUAN MANUEL RODRIGUEZ, *Appellant.*

No. 1 CA-CR 22-0217
FILED 1-17-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202100378
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Jill L. Evans Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann[1] joined.

---

[1] Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of

**P A T O N**, Judge:

¶1        Juan Manuel Rodriguez appeals from his convictions for transportation of dangerous drugs for sale and misconduct involving weapons. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Rodriguez was indicted for transportation of dangerous drugs for resale and two counts of misconduct involving weapons in April 2021. Rodriguez was present at his arraignment. He was present at his pretrial conference, three status conferences, and three final management conferences, including the last one at which the final date and time for Rodriguez's trial were confirmed.

¶3        On the morning of trial, the prosecutor and Rodriguez's counsel appeared in court at the scheduled time, but Rodriguez was absent. The court asked Rodriguez's counsel about Rodriguez's absence and after discussion, found Rodriguez's presence waived. The court and counsel proceeded to discuss and resolve outstanding pretrial issues, which took approximately twenty minutes. Rodriguez was present with counsel when the proceedings resumed with jury selection about an hour later. The jury convicted Rodriguez on all counts.

¶4        Rodriguez timely appealed. We have jurisdiction to hear this appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Sections 12-2101(A)(1), -120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶5        Rodriguez argues that the superior court committed reversible error by failing to make a finding of or inquire into the voluntariness of his brief absence on the first morning of trial. Because Rodriguez did not object to the court's proceeding with the pretrial

---

the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

conference in his absence, we review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567 ¶ 19 (2005).

¶6 Both the U.S. and Arizona constitutions protect the rights of an accused to be present at all stages of criminal proceedings against him. *See* U.S. Const. Amendment six; Ariz. Const. art. 2 §§ 4, 24; *see also State v. Dann*, 205 Ariz. 557, 571–72, ¶¶ 52-53 (2003) (discussing extent of Sixth Amendment right to be present). A defendant has the right to be present at every stage of his trial. Ariz. R. Crim. P. 19.2; *State v. Garcia-Contreras*, 191 Ariz. 144, 146 ¶ 8 (1998). But a defendant's voluntary absence at a proceeding waives this right, and a court "may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence." Ariz. R. Crim. P. 9.1.

¶7 Rodriguez was advised that a jury trial may go forward in his absence if he failed to appear and that he had the right to be present at all future proceedings. He also had actual notice of the date and time of his trial at the final management conference in which his trial date and time were confirmed. The superior court could thus properly infer that his absence was voluntary according to Arizona Rule of Criminal Procedure 9.1. Rodriguez did not request an inquiry into the voluntariness of his absence, and the superior court did not err by not so inquiring sua sponte. Because Rodriguez has not shown the superior court erred when it proceeded with the brief pretrial conference in his absence, he has not shown error, let alone prejudicial, fundamental error. *See State v. Escalante*, 245 Ariz. 135, 142 ¶ 21 (2018) ("[T]he first step in fundamental error review is determining whether trial error exists.").

## CONCLUSION

¶8 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA